**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Robert ROBINSON, aka Bob Cool;**
**et al., Defendant—Appellant.**

No. 06–50492.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2007.

Filed Nov. 15, 2007.

Becky S. Walker, Esq., Bayron Gilchrist, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff-Appellee.

Robert Robinson, Los Angeles, CA, pro se.

Gary P. Burcham, Esq., San Diego, CA, for Defendant–Appellant.

Before: BRIGHT *, D.W. NELSON and WARDLAW Circuit Judges.

### MEMORANDUM **

Robert Robinson appeals his conviction for distribution of a controlled substance and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ There was impermissible vouching by reference to matters outside the record that bolstered the credibility of a government witness. *See United States v. Roberts,* 618 F.2d 530, 533 (9th Cir.1980). However, the vouching was harmless in light of the overwhelming evidence of Robinson's guilt, as two Federal Bureau of Investigation agents, and audio and video recordings, corroborated the government witness's testimony regarding Robinson's narcotics transactions. *See United States v. Williams,* 989 F.2d 1061, 1072 (9th Cir. 1993) (When reviewing for harmless error, "we must decide whether the conduct, considered in the context of the entire trial, affected the jury's ability to judge the evidence fairly."); *see also United States v. Necoechea,* 986 F.2d 1273, 1278 (9th Cir. 1993).

■ Although there was no evidence that Robinson expressly waived his right to be present at the sidebar conferences during voir dire, this error likewise was harmless in light of the overwhelming evidence of Robinson's guilt. *See Rushen v. Spain,* 464 U.S. 114, 120–21, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983) (finding harmless error when the defendant was denied the right to be present at an ex parte communication between the trial judge and a juror); *Campbell v. Rice,* 408 F.3d 1166, 1172 (9th Cir.2005) ("The Supreme Court has never held that the exclusion of a defendant from a critical stage of his criminal proceedings constitutes a structural error.").

■ The district court judge's extensive questioning of the government witness did not demonstrate bias or impartiality. *See United States v. Laurins,* 857 F.2d 529, 537 (9th Cir.1988) ("A judge's participation justifies a new trial only if the record shows actual bias or leaves an abiding impression that the jury perceived an appearance of advocacy or partiality."); *United States v. Larson,* 507 F.2d 385, 389–90 (9th Cir.1974) (finding no impropriety when the district court judge took over questioning on at least six different issues spanning thirty pages of the record). The questions themselves were not improper, as they focused primarily on establishing chain of custody and clarifying the witness's process for weighing pills. Moreover, the district court judge asked questions during both redirect and re-cross-examination.

### AFFIRMED.

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.